UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MARIA VITOLA,

              Plaintiff,

      -against-

THE CITY OF NEW YORK, NEW YORK
POLICE DEPARTMENT and "JOHN DOES,"
the name being fictitious, representing
unknown police officers, individually and
in their official capacities as police officers,

              Defendants.
--------------------------------------------------------x

FOR ONLINE PUBLICATION ONLY

MEMORANDUM
AND ORDER

07-CV-3678 (JG)

JOHN GLEESON, United States District Judge:

        Maria Vitola brings this pro se action alleging violations under 42 U.S.C. §§ 1981, 1983 and 1985.  Vitola seeks $20 million in damages, declaratory and injunctive relief.  For the purposes of this disposition, I grant Vitola's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  I now dismiss the action with leave to amend for the reasons set forth below.

## BACKGROUND

        Vitola alleges that police officers from the 123rd Precinct in Richmond County have "an explicit and humiliating tape of [Vitola] and a former boyfriend" which "is being viewed on a regular basis."  Compl. ¶ 18.  Vitola generally alleges "ongoing harassment and misconduct from the 123rd Precinct starting from late 2001 when [she] went there to report a drugging and a rape" which they failed to investigate.  Compl. ¶ 19.  Vitola claims that a man named Frank Conte and a physician who used to employ Vitola conspired to drug her into unconsciousness while she was at Conte's apartment for dinner, Compl. ¶ 20; that the physician raped her during her unconsciousness, causing a dead fetus to fall out of her at a later date,

Compl. ¶ 26; and that subsequently unknown people would harass her with telephone calls regarding that incident, Compl. ¶ 20.  She alleges as well that a man named George Lotito, related through marriage to the physician, threatened her with death several times.  Compl. ¶ 21.  She alleges that her employer Peter Albano represented to her that he was an initiated member of the Genovese Crime family, Compl. ¶¶ 20, 22, and that he had some knowledge of the incident, Compl. ¶ 22, and also asked her if she loved her mother in a way that Vitola found threatening, *id.*

She further claims that the police did not act on the various reports she made of these incidents, Compl. ¶¶ 21, 23-24, and that one detective, Dennis Hanson, disseminated her claim that she had been celibate for six months prior to her meeting with Frank Conte throughout the precinct, Compl. ¶ 24.  This information spread through the precinct to the neighborhood.  *Id.*  On one occasion two males accosted her on the street and harassed her by relating this information to her, and an hour after she screamed at them to ask where they heard this information, three police cars drove to outside her place of work and waited there for 20-30 minutes to intimidate her.  Compl. ¶ 25.  Additionally, a police officer took off his clothes in the bathroom of her workplace.  *Id.*  Finally, police officers from the 123rd Precinct apparently denied to Internal Affairs that she had made any reports to them, and "tried to sabotage" an unspecified claim Vitola made to the city.  Compl. ¶ 27.  This claim might be an unspecified action Vitola states that she initiated in compliance with New York State's notice-of-claim statute.  Compl. ¶¶ 4-7.

DISCUSSION

A    *Standard of Review*

In reviewing the complaint, I am mindful that Vitola is proceeding pro se and that her pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds pro se . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." (citation omitted)). However, pursuant to the in forma pauperis statute, I must dismiss a complaint if I determine that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if its "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or if it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Bev. Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted).

B.    *Factual Frivolousness*

The Supreme Court has observed that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Miller v. Silverstein*, 122 F.3d 1056, at *1-*2 (2d Cir.) (unpublished) (finding factually frivolous claim that several disparate public figures were engaged in decades-long conspiracy to import heroin); *Jones v. City of New York*, No. 99-8281, 2000 WL 516889, at *3 (E.D.N.Y. Mar. 15, 2000) (dismissing sua sponte pro se plaintiff's complaint of being the target of sexual obsession and blackmail by two separate female

3

correctional officers as factually frivolous).

Several of Vitola's claims may rise to this level. For example, Vitola makes the following allegation:

> I had a dead fetus fall out of me while I was going to the bathroom.
> A DEAD FETUS that the former physician I worked for shoved
> inside me after he drugged and raped me.

Compl. ¶ 26 (emphasis in original). I need not decide, however, whether this or Vitola's other allegations are so incredible as to be factually frivolous, as she fails to state a claim on which relief can be granted against any of the defendants named in the complaint.

C.  *Failure to State a Claim Upon Which Relief Can Be Granted*

Vitola has not joined any of the private actors (i.e., non-police officers) as defendants, and therefore I need not consider the merit of any of her claims against them. My obligation to construe pro se pleadings liberally, *McEachin*, 357 F.3d at 200, does not extend to adding defendants beyond those the plaintiff chooses to name. *Cf. McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) ("Our duty to be less stringent with pro se complaints does not require us to conjure up unpled allegations." (citation omitted)).

Vitola's allegations against police officers do not state a claim upon which relief can be granted. Complaints that police officers failed to respond to her various requests for assistance do not state a claim for either a deprivation under color of law, *see* 42 U.S.C. § 1983, or a conspiracy to deprive Vitola, *see* 42 U.S.C. § 1985, of any rights protected by the Constitution or laws of the United States. *See DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 191 (1989) (social workers and local officials did not deprive plaintiff of constitutional rights by failing to protect him from his abusive father even after receiving credible complaints of abuse).

Vitola's allegations that police officers watched an explicit video of her and a

4

former boyfriend, and that they disseminated information that she had been celibate for six months prior to her encounter with Frank Conte, do not amount to a claim under § 1983 or § 1985. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (injury to reputation is not a deprivation of liberty or property under Fourteenth Amendment and thus not actionable under § 1983); *see also Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *id.* at 234 (defamation is not constitutionally actionable even if committed with malice). Similarly, Vitola's allegations that a police officer took off all his clothes in the bathroom of her workplace, and that officers parked outside her workplace for 20-30 minutes, do not amount to a claim under 42 U.S.C. § 1983. None of the above allegations support a claim under 42 U.S.C. §§ 1981 or 1985.

Finally, Vitola's allegations that officers of the 123rd precinct "also tried to sabotage the claim I put into the city," Compl. ¶ 27, and her general claim of "ongoing harassment and misconduct," Compl. ¶ 19, even construed liberally, do not state a claim on which relief may be granted. Her claim of "ongoing harassment and misconduct" is too general to provide notice to any defendant of the nature of the claim. *See Bell Atlantic Corp v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (noting that Federal Rule of Civil Procedure 8(a)(2) is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests" (citation omitted)). Vitola's description of her filing a claim against the City in accordance with New York's notice-of-claim statute, Compl. ¶¶ 4-7, suggests that officers "tried to sabotage" some sort of judicial proceeding, but she provides no more detail. It is true that the First Amendment protects an individual's right of access to all branches of government including the courts, *see BE & K Const. Co. v. NLRB*, 536 U.S. 516, 525 (2002) (citation omitted) (noting that First Amendment right to petition includes all branches of government), and therefore some

5

types of "sabotage" could constitute deprivation of this right. Her statement that the defendants "tried to" sabotage the proceedings does not rule out the possibility that their attempt harmed Vitola, and thus for the purposes of this disposition I will assume that it did.

However, the Supreme Court in *Bell Atlantic Corp. v. Twombly* has recently restated the standard governing sufficiency of pleadings, jettisoning *Conley v. Gibson*'s command that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 433 U.S. 41, 45-46 (1957); *see Twombly*, 127 S. Ct. at 1969 (overruling this portion of *Conley*). The Second Circuit has noted that *Twombly*'s new standard is not entirely clear and interpreted *Twombly* to institute "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).

Here it is a close question whether Vitola should be subject to the heightened pleading requirements associated with implausible claims. As she is alleging civil rights violations pro se, we are obliged to construe her pleadings liberally and interpret them as raising the strongest arguments they suggest. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). However, her offhand statement that officers "tried to sabotage the claim [she] put against the city," Compl. ¶ 27, is extremely sparse and vague. It is not a pure recitation of the elements of a cause of action, *cf. Twombly*, 127 S. Ct. at 1965 ("[A] formulaic recitation of the elements of a cause of action will not do." (citation omitted)), or as conclusory as her complaint of "ongoing harassment and misconduct," Compl. ¶ 19, but it still provides scant notice to the defendant even when read in conjunction with paragraphs 4 through 7 of her complaint.

In assessing the plausibility of her claim, I will set aside the fact that several of

Vitola's other allegations may well be so implausible as to justify a finding of factual frivolousness. The particular claim that officers would sabotage judicial proceedings she instituted against the city in such a way as to deprive her of meaningful access to the courts is certainly not entirely implausible. However, the claim at issue in *Twombly*--that competitors who engaged in parallel behavior with an anticompetitive effect agreed to do so instead of merely engaging in conscious parallelism, 127 S. Ct. at 1962-63--was certainly at least as plausible as Vitola's allegation here. The Supreme Court in *Twombly* held that the claim required more factual support than assertions of parallelism and a claim that the parallelism resulted from an agreement. *Id.* at 1963. If the *Twombly* plaintiffs' claim was so implausible as to require more factual allegations than the plaintiffs provided, then of necessity Vitola's claim is implausible enough to require more factual allegations than her bare assertion of an attempt to "sabotage." Therefore, under *Iqbal*'s plausibility standard, Vitola has failed to state a claim upon which relief can be granted.

## CONCLUSION

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), but Vitola may file an amended complaint within 30 days from the date of this order. *See Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam) (requiring district court to grant pro se plaintiff proceeding in forma pauperis leave to amend complaint before dismissing it for failure to state a claim pursuant to § 1915). Vitola should state specifically how and when her claim against the City was sabotaged, and by whom. If Vitola fails to file an amended complaint within the time allowed, judgment dismissing the complaint shall be entered. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal.

So ordered

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
September 25, 2007